THE PEOPLE OF THE STATE OF ILLINOIS *ex· rel.*

Henry Booth,

*v.*

CHARLES E. LIPPINCOTT, Auditor.

CIRCUIT JUDGES OF COOK COUNTY—*salaries of, under the constitution of* 1870. The circuit judges of Cook county elected under the constitution of 1870 were entitled to receive from the State, until the adjournment of the first session of the general assembly after the adoption of such constitution, a salary of $1000 per annum, only, as provided by the constitution of 1848.

Mr. W. C. GOUDY, for the relator.

Mr. CHIEF JUSTICE LAWRENCE delivered the opinion of the Court:

This is an application for a *mandamus* against the auditor of public accounts, in which one of the circuit judges of Cook county, elected under the new constitution, is the relator.

The petition states that the auditor refuses to issue his warrant on the treasurer, in payment of the judicial salary of the relator, for a larger sum than one thousand dollars per annum, and claims that the relator is entitled to payment from the State at the rate of three thousand dollars per annum. This is the only question presented by the record.

Under the constitution of 1848, the salaries of circuit judges were one thousand dollars per annum. Section 16 of article 6 of the new constitution fixes their salary at three thousand dollars per annum from the adoption of the constitution until otherwise provided by law, and section 25 of the same article provides that the judges of the superior and circuit courts and the State's attorney of Cook county "shall receive the same salaries, payable out of the State treasury, as is or may

be paid from said treasury to the circuit judges and State's attorneys of the State, and such further compensation to be paid by the county of Cook as is or may be provided by law."

If these had been the only provisions of the constitution touching this subject, the question now presented would have been free from difficulty, or, rather, no question could have been made; but section 21 of the schedule reads as follows:

"The judges of all courts of record in Cook county shall, in lieu of any salary provided for in this constitution, receive the compensation now provided by law until the adjournment of the first session of the general assembly after the adoption of this constitution."

It is not claimed by counsel for relator, and could not be reasonably claimed, that these different provisions of the constitution are in conflict. The last is simply restrictive of the former, by defining the time when the former shall take effect.

The question, then, is simply this: What meaning is to be attached to these words in the schedule: "the compensation now provided by law?"

The compensation of the judge of the circuit court of Cook county, as provided by law when the new constitution was framed and adopted, came from three sources. The State paid one thousand dollars by virtue of the old constitution. The county of Cook paid fifteen hundred dollars by virtue of certain acts of the legislature. In addition to these sums there were docket fees which were also paid by virtue of certain legislative enactments.

Whether under the provision of the schedule it was not the intention of the framers of the constitution to require the county of Cook to pay to each of the circuit judges to be elected under that instrument the same sum from the county treasury which was then paid to the circuit judge, until the legislature should fix a' new rate of compensation to be paid by the county under section 25 of article 6, is a question about which we ought not to express an opinion in a suit where the

county is not a party. We may, however, remark that the argument in favor of such a demand against the county seems incomparably stronger than any which can be made against the State.

If it is true, as urged by counsel, that the convention could not have intended the new circuit judges in Cook county should receive only one thousand dollars per annum, while other circuit judges through the State were receiving three thousand, then that body intended the deficiency to be supplied, as it had hitherto been, by docket fees and the payment from the county treasury, to each judge, of the sum given by law to the existing judge, until the legislature should fix a new sum to be paid by the county, which the constitution expressly authorized it to do, and which, at its recent session, it has done.

However this may be, and we express no opinion in regard to it, we can see no ground for claiming more than one thousand dollars per annum from the State treasury. Language can hardly be plainer than that in section 21 of the schedule on this point. The judges of Cook county are to receive the compensation now provided by law " in lieu of any salary provided for in this constitution." This, in terms direct and unambiguous, cuts off all claim for the three thousand dollars given by the constitution to other circuit judges, and confines them, until the adjournment of the first session of the general assembly, to the compensation already fixed by law. This compensation was, so far as the State treasury is concerned, one thousand dollars.

The counsel for relator sees this as plainly as ourselves, but he claims that section 21, when it says "the judges of all courts of record in Cook county shall," etc., means the judges then holding office, and not those to be elected under the new constitution. There is not a word in the section or its context to justify us in thus changing the meaning of the language used. We are asked to interpolate into the constitution an important

word or phrase.   We have neither the right nor the disposition thus to tamper with this instrument, or construe away its provisions.   When it says "the judges of all courts of record in Cook county," we can not foist a new word into the text, and make it read "the present judges," or "the existing judges," or "the judges now in office," there being nothing whatever in the context to justify such a construction.   The constitution was framed with great care, and we must suppose the intention of its makers was expressed in its language with accuracy and precision.   So far from there being any reason justifying the forced construction asked for, the reason, independently of the plainness of the language, would be the other way.   This construction would lead to an inequality of compensation between the existing judge and the newly elected judges of the same court, and whatever differences the convention may have been disposed to authorize the legislature to make between the circuit judges of Cook county and those of other portions of the State, we can not suppose it intended to create any inequality between the different judges of the same court.   At least we can not adopt a forced construction of the language of the constitution in order to reach such a result.

In our opinion this *mandamus* can not be awarded without doing violence to the constitution, and must therefore be denied.

*Mandamus denied.*